UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>- against -<br><br>CHRISTIAN R. SCHUBERT, INDIVIDUALLY, AS THE TRUSTEE OF THE DANIEL S. KEMP REVOCABLE TRUST AND AS THE REPRESENTATIVE OF THE ESTATE OF DANIEL S. KEMP, THE ESTATE OF DANIEL S. KEMP, AND REBECCA KAFKA-MANOR,<br><br>Defendants. | Civil Action No.<br><br><br>**COMPLAINT SEEKING<br>INTERPLEADER RELIEF** |

Plaintiff JACKSON NATIONAL LIFE INSURANCE COMPANY ("Jackson"), by its undersigned attorneys, Mound Cotton Wollan & Greengrass, LLP, as and for its Complaint seeking Rule 22 Interpleader Relief against Defendants/Claimants Christian R. Schubert, individually, as the Trustee of the Daniel S. Kemp Revocable Trust and as the Representative of the Estate of Daniel S. Kemp, the Estate of Daniel S. Kemp, and Rebecca Kafka-Manor, states as follows:

**Nature of the Action**

1. This is an action seeking a judicial determination of rights and obligations of the parties with respect to a decedent's annuity policy issued by Jackson. As more fully set forth herein, this action arises out of an ongoing dispute between Mr. Christian Schubert, trustee of the decedent's trust and the decedent's presumptive estate representative ("Mr. Schubert"), and Mrs. Rebecca Kafka-Manor, the wife of the deceased's investment advisor ("Mrs. Kafka-Manor"), concerning the identity of the proper beneficiary of the annuity policy's death benefit. Mr.

Schubert has questioned the legitimacy of certain acts taken by and/or on behalf of the decedent in designating Mrs. Kafka-Manor as the sole beneficiary to the policy, and has threatened legal action against Jackson if it pays the policy's $552,323.12 death benefit to Mrs. Kafka-Manor. Jackson is in a dilemma in that it cannot resolve the dispute among competing claims to entitlement to the same funds, and is in peril of being subjected to double or multiple liability as a result. With an appropriate order from this Court, Jackson seeks leave to pay these funds into Court pending the Court's final judgment directing disposition of the funds.

### The Parties

2. Plaintiff-Stakeholder Jackson Life is a Michigan corporation with its principal place of business in Lansing, Michigan.

3. Upon information and belief, Defendant/Claimant Christian R. Schubert ("Schubert") is a citizen of the State of Massachusetts and resides in Concord, Massachusetts.

4. Upon information and belief, Mr. Schubert serves as trustee of the Daniel S. Kemp Revocable Trust and is in the process of being appointed as the personal representative of the Estate of Daniel S. Kemp.

5. Upon information and belief, Defendant/Claimant Rebecca Kafka-Manor is a citizen of the State of Massachusetts and resides in Brookline, Massachusetts. Upon information and belief, Mrs. Kafka-Manor is the wife of David Manor, the financial advisor who sold the policy to Daniel S. Kemp.

6. Upon information and belief, Daniel S. Kemp ("Mr. Kemp") is a deceased individual who was a citizen and resident of the State of Massachusetts at the time of his death in May 2020.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. §1332(a) because Jackson Life, the plaintiff-stakeholder, is a citizen of a different state than the defendants/claimants and the amount in controversy is more than $75,000.

8. Venue is proper in this jurisdiction under 28 U.S.C. §1391(b) because one or more of the defendants/claimants reside in this jurisdiction and all defendants reside in the State of Massachusetts.

**Factual Background**

9. In 2013, Mr. Kemp purchased a Jackson Life annuity in the amount of $828,780 bearing policy number 1014712204 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

10. Initially, Mr. Kemp was the Policy's owner and sole beneficiary. (Exhibit A at p. 3a)

11. On or about December 10, 2015, Jackson received a Beneficiary Designation Supplement form for the Policy designating Mrs. Kafka-Manor as the sole beneficiary of the Policy (the "2015 Beneficiary Designation"). A copy of the Beneficiary Designation Supplement form is attached hereto as Exhibit B.

12. On December 15, 2015, Jackson sent Mr. Kemp a letter confirming that it had processed his change of beneficiary form designating Mrs. Kafka-Manor as beneficiary. A copy of that letter is attached hereto as Exhibit C.

13. On or about March 3, 2017, Jackson received a request to change the ownership of the Policy to the Daniel S. Kemp Revocable Trust (the "Trust"). Upon information and belief,

Mr. Schubert is a co-trustee of the Trust. A copy of the change of ownership form is attached hereto as Exhibit D.

14. Upon information and belief, Mr. Kemp died on or about May 2, 2020.

15. The amount of the death benefit payable under the Policy is $552,323.12 (the "Death Benefit").

16. Under the terms of the Policy, Jackson is obligated to pay the Death Benefit to Mrs. Kafka-Manor, the designated beneficiary, upon Mr. Kemp's death. (Exhibit A at p. 10.)

17. On or about June 10, 2020, Mrs. Kafka-Manor submitted a claim for the Death Benefit to Jackson.

18. Jackson understands that there is an ongoing dispute between Mr. Schubert and Mrs. Kafka-Manor concerning the validity of the December 2015 Beneficiary Designation that was submitted to Jackson.

19. Jackson has been threatened by Mr. Schubert that he plans to hold Jackson liable if it pays the Death Benefit to Mrs. Kafka-Manor.

20. By letter dated August 7, 2020, to Jackson's special investigator Ms. Elaine Furr, CFE, counsel for Mr. Schubert threatened legal action if Jackson honors its contractual obligation to tender payment of the Death Benefit to Mrs. Kafka-Manor. A copy of August 7, 2020 demand letter is attached hereto as Exhibit E.

### First Cause of Action: Interpleader Relief

21. Jackson re-alleges and incorporates by reference paragraphs 1 through 20 above as through fully set forth herein.

22. Jackson alleges, upon information and belief, that there appears to exist multiple and conflicting claims to the Death Benefit under the Policy.

23. As a result of the foregoing, there exists actual or potential rival, adverse and conflicting claims to the Death Benefit owed under the Policy.

24. Having been confronted with adverse and rival claims, Jackson is unable to determine to whom payment of the Death Benefit should be made.

25. Without resolution of the defendants'/claimants' claims through interpleader, Jackson has been unable to discharge its duties without exposing itself to double or multiple liabilities and/or multiple litigations because of the conflicting claims for the Death Benefit.

26. Jackson should not be forced to become involved in the defendants' dispute, and the defendants should accordingly be ordered to litigate among themselves without involving Jackson.

28. A judicial determination is necessary at this time so that the parties may be certain as to their rights and duties as to the others and may conduct themselves accordingly with regard to the Death Benefit.

29. Jackson stands ready, willing and able to deposit the Death Benefit with the Clerk of Court for deposit into the Court Registry upon an appropriate order from the Court and pending the Court's final judgment directing disposition of these funds.

### **Prayer for Relief**

WHEREFORE, Plaintiff/Stakeholder Jackson respectfully requests the following relief:

(i) That the defendants/claimants be enjoined from instituting or prosecuting against Jackson Life any proceeding in any state or United States Court or administrative tribunal regarding the Policy and on account of the death of Daniel S. Kemp, pursuant to 28 U.S.C. §2361, and that said injunction issue without bond or surety;

(ii) That the Court authorize and direct Jackson Life to deposit the Death Benefit with the Clerk of Court for deposit into the Court Registry;

(iii) That each of the defendants be required to make full and complete answer to this Complaint and to set forth which of them the Death Benefit properly belongs, or any part thereof, rightfully belong, and how they make their claims thereto;

(iv) That this Court determine and declare the rights of each of the defendants as to the death benefit payable under the Policy;

(v) That this Court discharge Jackson of and from any and all liability regarding the Policy on account of the death of Daniel S. Kemp;

(vi) That this Court excuse Jackson from further attendance upon this cause and dismiss Jackson Life from this case with prejudice; and

(vii) That this Court grant Jackson other and further relief as this Court deems just and equitable, including its attorney fees incurred in filing and prosecuting this Complaint, said sum to be deducted from the death benefit funds.

Dated: August 13, 2020
New York, New York

MOUND COTTON WOLLAN & GREENGRASS LLP

By: *s/Hilary Henkind*_____
Hilary Henkind
One New York Plaza, 44th Floor
New York New York 10004
Tel: (212) 804-4200
Fax: (212) 344-8066
Email: hhenkind@moundcotton.com

941054.2